**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

J.A.M.G.                              :
                                      :
        Petitioner,           :
                                      :
v.                                    :         Case No. 4:26-cv-316-CDL-AGH
                                      :              28 U.S.C. § 2241
Warden, STEWART DETENTION            :
CENTER, *et al.*,                     :
                                      :
        Respondents.          :

_____

## <u>RECOMMENDATION OF DISMISSAL</u>

On February 25, 2026, Respondents filed a motion to dismiss Petitioner's application for habeas relief (ECF No. 6). On February 26, 2026, the Court notified Petitioner of his right to respond to the motion within thirty days. Order 2, ECF No. 7. Petitioner was informed that if he did not respond to the motion to rebut Respondent's legal arguments, the statements therein could be "accepted as uncontested and correct." *Id.* at 1-2. Petitioner did not file a response to Respondents' motion. On May 18, 2026, the Court ordered Petitioner to show cause to the Court within fourteen days why Respondents' arguments should not be accepted as uncontested and correct, their motion deemed unopposed, and the motion to dismiss granted. Order 1, ECF No. 8. Petitioner was warned that if he failed to respond, his petition would likely be dismissed. *Id.* at 1-2.

The time for a response passed, and Petitioner failed to file a response to the order to show cause or Respondents' motion to dismiss.[1]  It is therefore recommended that Respondents' motion to dismiss be deemed uncontested, that the motion be granted, and that this case be dismissed without prejudice.  Alternatively, the case should be dismissed for Petitioner's failure to prosecute or comply with the Court's Orders.  *See* Fed. R. Civ. P. 41(b)(authorizing a court to dismiss an action for a plaintiff's failure to prosecute or comply with a court order); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (affirming dismissal for failure to prosecute and comply with a court order)*; Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  See M.D. Ga. L.R. 7.4.  The

---

[1] Although Petitioner had not updated his address with the Court, the Court's search of the ICE Detainee Locator showed that Petitioner's then-current address was at the Moshannon Valley Ice Processing Center in Pennsylvania.  Order 2 n.1, May 18, 2026, ECF No. 8.  Consequently, the Court directed the Clerk to mail copies of the order to show cause, the Court's notice of the motion to dismiss, and Respondents' motion to dismiss to Petitioner at both Stewart Detention Center and Moshannon Valley Ice Processing Center.  *Id.*  While the copies mailed to Petitioner at Stewart Detention Center have been returned as undeliverable (ECF No. 9), the copies sent to Moshannon Valley Ice Processing Center have not been returned to the Court.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

Pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 10th day of July, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3